UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE ROBLES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-00495 |
| § | |
| ARANSAS COUNTY SHERIFF'S § | |
| DEPARTMENT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendants Aransas County, Texas and Matthew Campbell's motion to dismiss Plaintiffs' amended complaint for failure to state a claim (D.E. 29), Plaintiffs' response (D.E. 30), and Defendants' reply (D.E. 31). Plaintiffs Joe Robles (Mr. Robles) and Elvira Robles (Mrs. Robles) filed this civil rights action asserting claims which are set forth in this Court's Order dated August 5, 2016 (D.E. 25). That Order addressed Defendants' motion to dismiss the original complaint and allowed Plaintiffs to amend their complaint against Aransas County. The following claims remain pending:

- Mr. Robles' Fourth Amendment excessive force claim against Deputy Campbell;

- Plaintiffs' First Amendment claims against Deputy Campbell; and

- Plaintiffs' claims against Aransas County.

Defendant Aransas County challenges the pleading of the claims against it as insufficient to satisfy the *Monell* requirements for establishing municipal liability.

Plaintiff Joe Robles asks the Court to reconsider the dismissal of his Fourth Amendment claim based on wrongful arrest. For the reasons set forth below, Defendants' motion to dismiss (D.E. 29) is GRANTED.

The background facts of this case were discussed at length in the Court's prior order (D.E. 25), which is incorporated herein by reference. They will not be repeated here. To the extent that any additional factual pleadings are relevant to the current dispute, they will be discussed in conjunction with the particular claims.

## DISCUSSION

### A. Wrongful Arrest

The Court considers Mr. Robles' request to reconsider the dismissal of his wrongful arrest claim. The Fifth Circuit has stated that a district court may revisit and reverse its own interlocutory orders "for any reason it deems sufficient, even in the absence of new evidence or an intervening change [in the law]." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11(5th Cir. 2010) (*quoting Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Litigants are expected to present their strongest arguments when a matter is considered for the first time. *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (*citing Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990)). To conserve limited judicial resources, rulings should only be reconsidered where the party seeking reconsideration has provided substantial reasons for reconsideration. *Id.*

Mr. Robles does not present a substantial reason that warrants reconsideration of the dismissal of the wrongful arrest claim.  He has pleaded additional facts which he states support an inference that Deputy Campbell and Plaintiffs' tenant conspired to "set up" the arrest.  Mr. Robles alleges that this can be inferred from the conversation that occurred one week before the arrest, when Deputy Campbell threatened to arrest Mr. Robles if he continued to complain about the tenant.  For the reasons stated in the prior Order—Deputy Campbell responded to a 9-1-1 call in which the tenant said that Mr. Robles tried to throw her off a balcony; Deputy Campbell was apprised of this allegation by the dispatcher before he arrived at the rental property; and Deputy Campbell found the tenant distraught and claiming that Mr. Robles had tried to throw her off a balcony—the Court finds that there was probable cause to arrest Mr. Robles for assault.

Probable cause is a completely objective inquiry.  *Devenpeck v. Alford*, 543 U.S. 146, 594-95 (2004).  The arresting officer's state of mind is irrelevant to the existence of probable cause.  *Id.*; *see also Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000) ("[O]ur case law clearly dictates that subjective intent, motive, or even outright animus are irrelevant in a determination of qualified immunity based on arguable probable cause to arrest, just as an officer's good intent is irrelevant when he contravenes settled law."). Thus Mr. Robles' contention that Deputy Campbell used the tenant's assault allegations as a pretext for fulfilling the threat he had made the week before is without merit.  The Court DENIES Mr. Robles' request to reconsider its prior dismissal of his wrongful arrest claim.

B. Aransas County Liability

1. *Monell* Standard for Municipal Liability

Defendant Aransas County moves for dismissal arguing that Plaintiffs' alleged facts are insufficient to establish municipal liability. It is well-established that a local government, such as a county, is not liable under § 1983 on the theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). A county is almost never liable for employees' isolated unconstitutional acts; "it is only liable for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (*quoting Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of the constitutional right. *Id.* Official policies can arise in various forms. *Id.* They usually exist as written statements, ordinances, or regulations. But a policy may also arise in the form of a widespread practice that is "so common and well settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579 (*quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

To survive a motion to dismiss on an unconstitutional custom or practice claim, plaintiffs must point to factual allegations sufficient to allow a reasonable inference that there was a pattern of misconduct involving similar acts. *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015). A pattern is tantamount to official policy only when it is "so

common and well-settled as to constitute a custom that fairly represents [county] policy." *Peterson*, 588 F.3d at 850. A pattern requires "sufficiently numerous prior incidents as opposed to isolated incidents." *Id.* at 851 (*quoting McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)). "To hold otherwise would be effectively to hold the City liable on the theory of respondeat superior, . . . ." *Id.* at 852.

### 2. Factual Allegations

Plaintiffs contend that Aransas County is liable because it has a policy, custom, and practice of:

  a. detaining people and/or arresting people without reasonable suspicion or probable cause;

  b. using excessive force on people;

  c. allowing police officers to make false statements in order to justify improper arrests, excessive force, and procurement of criminal prosecution;

  d. failing to discipline or train officers;

  e. hiring unqualified deputies or deputies with a propensity to violate constitutional rights;

  f. turning a blind eye or otherwise disregarding pursuant to a code of silence unconstitutional conduct by officers;

  g. not having the proper policies in place to prevent the constitutional violations suffered by plaintiffs; and

  h. using excessive force against citizens and/or falsely detaining/arresting citizens and/or wrongfully prosecuting citizens who use their free speech rights.

D.E. 28, pp. 16-17.

As factual support for these alleged policies or customs, Plaintiffs allege various acts of misconduct by Aransas County deputy sheriffs. Plaintiffs allege that in August 2013, a deputy sheriff subjected a man to wrongful arrest and excessive force in his own home and then falsified police reports. Plaintiffs also refer to a local news report that states that in September 2014, a deputy sheriff wrongfully tased an individual during a traffic stop and then generated a false account of the events. The report includes footage of the Sheriff defending the deputy's conduct. Plaintiffs add that a *Coastal Bend Herald* article from January 2016, accused an off-duty deputy sheriff of attempting to coerce a hotel into removing a campaign sign supporting the Sheriff's political rival. The article includes a statement from the Sheriff that he was aware of the incident but could not do anything because the deputy was off duty at the time of the incident. Plaintiffs refer to another article from the same publication from February 2016, in which high ranking Sheriff's Department officials were accused of retaliating against an IT employee because he reported improper use of county computers. Last, Plaintiffs allege that on multiple occasions, Mr. Robles attempted to initiate an internal investigation of Deputy Campbell's actions but was rebuffed.

Plaintiffs argue that these facts are sufficient to show that the Aransas County Sheriff's Department has a "de facto custom or policy of lawless conduct, impunity and indifference to citizen rights at the policymaker level." D.E. 30, pp.7-8. The Court will consider each alleged policy, custom, or practice separately.

### 3. Discussion of Allegations under the *Monell* Rubric

#### a. Wrongful arrests, excessive force, and false reports

Plaintiffs have alleged only two other instances of deputy encounters under circumstances similar to theirs with respect to improper detention and arrest, excessive force, and false reports. Two instances of unconstitutional conduct do not constitute a widespread practice or pattern to support a claim against Aransas County based on official policy. Moreover, with respect to the wrongful arrest claim here, this Court has held that probable cause existed to arrest Mr. Robles.

Additionally, Plaintiffs' claim that the Sheriff's Department had a "policy of turning a blind eye [to unconstitutional conduct] pursuant to a code of silence" is not supported by the alleged facts. Plaintiffs have alleged four various instances of deputy misconduct which span a period of almost three years. These facts are not sufficient to allow a reasonable inference that Aransas County has adopted a code of silence regarding unconstitutional acts "that is so common and well-settled as to constitute a custom that fairly represents [county] policy." *Peterson*, 588 F.3d at 850. Plaintiffs have failed to allege a custom or policy of wrongfully arresting people, using excessive force, or filing false reports.

#### b. Failure to supervise or train deputies

To succeed on a failure to train or supervise claim, a plaintiff must demonstrate that (1) a supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Goodman v.*

*Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)).

To support a claim that a government actor acted with deliberate indifference, a plaintiff must allege facts that would show that the constitutional deprivation was "a plainly obvious consequence" of the decision in question. *Bd. of Cnty. Comm'rs of Bryan Cnty., Oka. v. Brown*, 520 U.S. 397, 415 (1997). A showing of simple or even heightened negligence will not suffice. *Id.* at 407. Deliberate indifference generally requires a plaintiff to show that the municipality had "'notice of a pattern of similar violations', which were 'fairly similar to what ultimately transpired' when the plaintiff's own constitutional rights were violated." *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 484 (5th Cir. 2014) (*quoting Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Here, Plaintiffs have alleged four instances of various misconduct by Aransas County deputy sheriffs. Three of the four allegations occurred after the events giving rise to this suit so the facts do not allow a reasonable inference that Aransas County had notice of a pattern of similar violations. Thus, Plaintiffs have failed to allege that Aransas County policymakers had notice that their training or supervision was deficient

or that a constitutional violation would be a "plainly obvious consequence" of any training or supervision decisions.

In the context of failure to train, courts have left open the possibility that deliberate indifference can be demonstrated by a single incident in limited circumstances. There may be "a limited exception for 'single incident liability' in a 'narrow range of circumstances' where a constitutional violation would result as 'the highly predictable consequence' of a particular failure to train." *Kitchen*, 759 F.3d at 484 (*citing City of Canton v. Harris,* 489 U.S. 378, 390 n. 10 (1989); *Connick*, 563 U.S. at 63-64).

In *Canton*, the Supreme Court concluded that showing deliberate indifference generally requires a pattern of violations, but it did not foreclose the possibility that under certain circumstances a municipality's decision to not train its officers could give rise to a § 1983 claim without such a pattern. The Court stated:

> [I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of the constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

*Id.* at 390. The example the Court used in *Canton* was the obvious need to train armed officers with respect to the constitutional constraints on deadly force. *Id.* at 390 n. 10.

Plaintiffs have alleged no facts that would support application of this narrow exception. Plaintiffs' complaint simply states that Aransas County failed to train its deputies. And Plaintiffs' response to Defendants' motion to dismiss provides that they have "plainly alleged . . . poor training . . . ." D.E. 30, p. 8.

In addition, for liability to attach based on a claim of inadequate training, "a plaintiff must allege with specificity how a particular training program is defective." *Goodman*, 571 F.3d at 395; *see also Speck v. Wiginton*, 606 Fed. App'x 733, 736 (5th Cir. 2015) (per curiam) (affirming 12(b)(6) dismissal because the plaintiff "allege[d] no facts about what training [the municipality] provided or failed to provide."). Here, Plaintiff's complaint is devoid of factual allegations concerning the training Aransas County deputies received or should have received. Thus, Plaintiffs have failed to state a claim regarding failure to train or supervise.

### c. Hiring unqualified deputies

A county can be held liable for failure to screen employees if the failure to screen an employee reflects a deliberate indifference to the risk that a constitutional violation will result from the decision. *Brown*, 520 U.S. at 411. "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Id*. Plaintiffs' complaint fails to allege any facts with respect to the hiring practices of Aransas County or any facts that would have made it "plainly obvious" that hiring Deputy Campbell would have resulted in constitutional injuries to a third party. Plaintiffs have failed to state a claim regarding Aransas County's hiring practices.

Plaintiffs have not alleged facts that would entitle them to relief against Aransas County. Fed. R. Civ. P. 8(a)(2); 12(b)(6). Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to all claims against Defendant Aransas County.

## CONCLUSION

Defendant's Motion to Dismiss (D.E. 29) is GRANTED with respect to all claims against Aransas County. Those claims are DISMISSED WITH PREJUDICE. The only claims remaining for trial are Mr. Robles' Fourth Amendment excessive force claim against Deputy Campbell and Plaintiffs' First Amendment claims against Deputy Campbell.

ORDERED this 23rd day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE